UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| FRANK HARDY LLOYD,<br>　　　　Plaintiff,<br>　v.<br>CAROLYN W. COLVIN,<br>　　　　Defendant. | Case No. 14-cv-03771-NJV<br><br>**ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 18 & 19 |

Plaintiff Frank H. Lloyd ("Plaintiff") appeals the denial of his application for Disability Insurance benefits under Title II of the Social Security Act ("the Act") (AR 11-29.). *See* 42 U.S.C. Sections 1381 *et seq*. On June 24, 2014, the Appeals Council denied Plaintiff's request for review of the administrative law judge's decision. (AR 1-6.) The decision thus is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. Doc. Nos. 6 & 9. The court therefore may decide the parties' motions for summary judgment. For the reasons stated below, the court will deny Plaintiff's Motion for Summary Judgment and will grant Defendant's Cross-Motion for Summary Judgment. Docs. 18 & 19.

**PROCEDURAL HISTORY**

Plaintiff filed an application for Title II Disability Insurance on November 23, 2011, alleging an onset date of disability of March 15, 2011. (AR 144-45.) Plaintiff's Title II claim was denied on January 30, 2012. (AR 125-32.) Plaintiff filed a request for hearing on February 8, 2012, and a hearing was held before an Administrative Law Judge on October 23, 2012. (AR 69-124.) The ALJ denied the claim in a decision dated November 9, 2012. (AR 11-29.) Plaintiff's

request for review was denied by the Appeals Council on June 24, 2014.  (AR 1-6.)

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error.  *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997).  "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).  The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## BACKGROUND FACTS

Plaintiff is a sixty-two year old single man with no children.  (AR 224-25.)  He graduated from college with a bachelor's degree in political science in 1976.  (AR 225.)  He served in the United States Navy from 1980 to 1988.  (AR 225.)  From 1990 to 2007 Plaintiff had steady work as a security guard at a biomedical company.  (AR 225.)  From 2007 to March 2011 he worked as a dishwasher for a restaurant in Maryland.  (AR 225.)  He reports that he lost his job because he was unreliable. AR 231.  Until November 2011 Plaintiff lived with a brother and sister-in-law in Maryland.  (AR231.)  He moved to Williamsport, Pennsylvania in November 2011 and lived with his sister Nerissa Moran and her husband John Moran.  (AR 94.)  Plaintiff filed for disability insurance on the basis of depression and a hernia.  (AR 177.)

## SUMMARY OF THE EVIDENCE

The ALJ summarized the evidence presented in this case at pages 3 through 12 of his opinion.  (AR 16-25.)  The court reviewed the entire record in addressing this appeal.

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits ("the claimant") must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability, *id*. § 416.920(a)(3), and must use a five-step sequential evaluation to determine whether the claimant is disabled. *Id*. § 416.920. "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. (AR. 14-27.)

At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (AR.16.)

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the following severe impairments: right inguinal hernia, posttraumatic stress disorder, alcohol abuse in remission, major depressive disorder and generalized anxiety disorder. (AR. 16.)

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *Id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR. 16.) Next, the ALJ determined that Plaintiff retained the RFC "to perform medium work as defined in 20 C.F.R. 404.1567(c)" with several physical and environmental limitations. (AR. 18.)

At Step Four, the ALJ determined that Plaintiff was capable of performing past relevant work as a dish washer. AR. 25. Accordingly, without proceeding to Step 5, the ALJ found that Plaintiff had "not been under a disability, as defined in the Social Security Act, from March 15, 2011, through the date of this decision." (AR 26.)

## DISCUSSION

Opinion of Treating Psychologist

Plaintiff contends that the ALJ erred in rejecting the opinion of his treating psychologist, Edwin Finch, Ph.D. "Clear and convincing" reasons are required for an ALJ to reject the treating doctor's ultimate conclusions. *Embry v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Even if the treating physician's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record. *Murry v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983.)

The ALJ made discrete findings addressing three items of evidence related to Dr. Finch's treatment of Plaintiff. As to the first item, the ALJ found:

> The undersigned Administrative Law Judge gave no weight to the report of the psychodiagnostic interview from Dr. Edwin Finch dated November, 2011 as the notes do not support or reflect mental status examination or other objective indications that were consistent with marked limitations of the mental source statement of September, 2012. In addition, there were no Global Assessment Functioning scores reflected in the treatment notes.

(AR 24.) As to the second item, the ALJ found:

> Little weight was given to the opinions of Dr. Edwin Finch with regard to claimant's clinical status because this was based on claimant's subjective complaints and was inconsistent with the medical records. Little weight is afforded to any Global Assessment Functioning score below 50 as Global Assessment Functioning scores are one time personalized snap shots by the provider and are not subject to empirical verification, as with IQ scores.

(*Id.*)  As to the third, the ALJ found:

> It should be noted that the undersigned has taken into account the opinion of Dr. Edwin Finch dated January 24, 2012 who stated the claimant was temporarily disabled. The medical evidence of record does not support this opinion. Further, the determination of disability is reserved to the Commissioner.

(*Id.*)

Plaintiff argues that ALJ's reasons for rejecting Dr. Finch's opinion are neither specific nor legitimate, and that his rejection of Dr. Finch's opinion is therefore legal error. Plaintiff presents five arguments, the first of which is that, "[t]he ALJ's statement that Dr. Finch's notes and evaluations are not based on any objective medical findings that would support marked mental functional limitations is simply not borne out by the record." Plaintiff's Motion for Summary Judgment, 15:11-13. (Doc. 18.) This is not an accurate description of the ALJ's statement. As set forth above, the ALJ's statement was made in reference solely to the report of Dr. Finch dated November 20, 2011. Thus, Plaintiff's multiple citations to reports after that date discussing objective diagnostic modalities used in assessing and treating Plaintiff are not relevant. The court therefore finds no merit to Plaintiff's argument.

Plaintiff's second argument is that the ALJ erred in rejecting Dr. Finch's opinion on the ground that Dr. Finch did not document Plaintiff's GAF score. Again, this is not an accurate description of the ALJ's statement, which was made solely in reference to the report of Dr. Finch dated November 20, 2011. Thus, Plaintiff's citations to reports after November 20, 2011, that do present GAF scores are not relevant. The court finds no merit to Plaintiff's argument.

Plaintiff's third argument is that the fact that the opinion of a psychologist may have been based on a plaintiff's subjective complaints is not a legitimate reason for rejecting that opinion. Thus, he argues that the ALJ's rejection of Dr. Finch's opinion on that basis is not valid. Again, this is not an accurate description of the ALJ's statement. The ALJ stated that he gave little weight to Dr. Finch's opinions regarding Plaintiff's clinical status both because they were based on Plaintiff's subjective complaints <u>and</u> were "inconsistent with the medical records." AR 24. As

5

discussed below, the ALJ properly rejected Plaintiff's subjective complaints as lacking credibility. Accordingly, the ALJ properly rejected Dr. Finch's opinion partially because it was based on those subjective complaints. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible"). The court finds no error.

Plaintiff's fourth argument is that, "[a] generalized conclusion that a treating doctor's opinion is 'not consistent with the medical records' fails to support the ALJ's rejection of Dr. Finch's opinion." Plaintiff's Motion for Summary Judgment, 17:18-19. This language is taken from the statement quoted above, explaining why the ALJ gave little weight to Dr. Finch's opinion regarding Plaintiff's clinical status. Plaintiff claims specifically that the ALJ failed to perform adequate analysis of the factors set forth in 20 CFR 404.1527 and 416.9217, and that he did not articulate which specific records are inconsistent with Dr. Finch's opinions and in what way they are inconsistent.

Section 404.1527 is entitled "Evaluating Opinion Evidence," and explains to the applicant how the Social Security Administration considers and weighs medical opinion evidence. Section 404.1527 does not however, require the ALJ to articulate all of that consideration in his decision. The only requirements of this nature contained in Section 404.1527 are the following:

> We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. 404.1527(c)(2).

> Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 CFR 404.1527(e)(2)(ii).

In this case, the ALJ explained the weight given to the various items of evidence from

treating psychologist Dr. Finch, State Consultative Examiner Dr. R. Craig Nielson, State Consultative Examiner Dr. John Kelsey, and Disability Determination Services. (AR 24) He thereby complied with the above requirements of Section 404.1527. Further, "[t]he Secretary, however, need not discuss *all* the evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3rd Cir. 1981)). It was not necessary for the ALJ to articulate which specific records were inconsistent with Dr. Finch's opinions and in what way they are inconsistent. These inconsistencies are obvious from the summary of the opinion evidence provided by the ALJ in the immediately preceding portion of his decision.

Plaintiff's fifth argument is that "[t]he ALJ's conclusion that, 'Any Global Assessment Functioning score below 50 . . . are one time personalized snap shots by the provider and are not subject to any empirical verification, such as IQ scores' is not a legitimate nor [sic] convincing basis to reject Dr. Finch's opinion." Plaintiff's Motion for Summary Judgment, 19:9-12. Plaintiff argues that the Commissioner has promulgated policy that states while a GAF rating alone is never dispositive of impairment severity, GAF ratings will be considered as medical opinion evidence under 20 C.F.R. 404.1527(a)(2) and 416.0927(a)(2).

Yet again, Plaintiff's description of the ALJ's finding gives an inaccurate impression, because the ALJ actually referred to Global Assessment Functioning scores in general in stating that they are "one time personalized snap shots by the provider and are not subject to any empirical verification, such as IQ scores." (AR 24.) Further, contrary to Plaintiff's claim, the ALJ did not "summarily dismiss[]" the GAF score, but rather gave it "little weight." (AR 24.) The ALJ articulated specific, rational reasons for doing so. The court finds no error. *See generally,* 20 C.F.R. § 404.1527(c)(4) ("Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.")

//

Rejection of Plaintiff's Testimony

Plaintiff contends that the ALJ's decision fails to present legitimate reasons for rejecting his testimony. Plaintiff specifically challenges the ALJ's finding that his statements concerning the intensity, persistence and limiting effects of his medically determinable impairments were not credible to the extent that they were inconsistent with the ALJ's functional capacity assessment AR 19. Plaintiff argues that this "boilerplate" language is insufficient and provides no basis for determining what part of Plaintiff's testimony was incredible. Plaintiff argues that the court therefore cannot determine whether the ALJ's decision was supported by substantial evidence

The actual language from the ALJ's decision is as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> Overall, the record simply does not support the claimant's alleged level of incapacity. For the reasons discussed below, the undersigned finds that the claimant's longitudinal medical history is not consistent with his allegation of disability and thus he is not disabled.

AR 19. The ALJ then discussed Plaintiff's medical and social history at length. AR 19-25. Thus, the ALJ did not make a simple conclusory statement, but rather documented how Plaintiff's "alleged level of incapacity" was not supported by the objective facts. The court finds that the ALJ adequately documented why he determined that Plaintiff's statements regarding "the intensity, persistence and limiting effects" of his symptoms were not credible, and that the determination was supported by substantial evidence. The court finds no error.

Testimony of Plaintiff's Sister and Brother-In-Law

Plaintiff contends that the ALJ's decision fails to present legitimate reasons for giving little or no weight to the testimony of Plaintiff's sister and brother-in-law. Plaintiff's sister, Nerissa Bea Moran, presented written testimony regarding Plaintiff's daily functioning. (AR 194-201.) Plaintiff's brother-in-law, John R. Moran, testified at the hearing regarding his observations of Plaintiff's daily functioning. (AR 104-119.)

1    The ALJ discussed Ms. Moran's testimony, as set forth in a third party function report dated January 15, 2012. (AR 19.) The ALJ stated that he "affords some, but not full weight to Ms. Moran's function report because she is not an acceptable medical source and is motivated to support a claim for benefits." AR 20. The court finds that the ALJ gave rational, germane reasons for limiting the weight he gave to Ms. Moran's testimony and finds no error. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

The ALJ discussed Mr. Moran's testimony. (AR 21.) He did not, however, explain how much weight he was assigning to that testimony. The court finds that the ALJ's rejection of Mr. Moran's testimony without providing germane reasons is harmless error because Mr. Moran's testimony was essentially the same as Ms. Moran's testimony, which the ALJ validly rejected. The court is "confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

Based on the foregoing, the court HEREBY ORDERS as follows:

1)  Plaintiff's motion for summary judgment is DENIED, and
2)  Defendant's motion for summary judgment is GRANTED.

Dated: September 21, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge